UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BARRIENTOS VASQUEZ, | No.  1:26-cv-03190-DAD-CKD (HC) |
| Petitioner, | |
| v. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| WARDEN, | (Doc. No. 13) |
| Respondent. | |

This matter is before the court on petitioner's motion for temporary restraining order. (Doc. No. 13.)  For the reasons explained below, petitioner's motion will be denied.

**BACKGROUND**

Petitioner is a citizen of Guatemala who entered the United States on or about December 29, 2023, where she was released into this country at the border.  (Doc. No. 11 at ¶ 11.)  On or about January 20, 2026, petitioner was arrested by local law enforcement and was subsequently transferred into Immigration and Customs Enforcement ("ICE") custody on January 23, 2026. (*Id.* at ¶¶ 12–13.)  She has remained in custody since that date.  (*Id.* at ¶ 17.)  On March 27, 2026, an immigration judge ("IJ") ordered petitioner removed to Guatemala and denied her applications for asylum and withholding of removal.  (Doc. No. 15-3 at 1–4.)  Petitioner reserved her right to appeal the IJ's order and the deadline for her to do so was April 27, 2026.  (*Id.* at 4.)  The parties do not dispute the fact that petitioner did not appeal the IJ's order by that deadline.

1

On June 4, 2026, petitioner, proceeding through counsel, filed a motion for temporary restraining order seeking an order enjoining respondent from removing her from the United States, transferring her from the California City Detention Center, or taking any other action that would interfere with this court's ability to adjudicate her pending habeas petition.  (Doc. No. 13.)  On the same day, the court issued an order regarding petitioner's motion for a temporary restraining order in which the court set a briefing schedule and ordered that pending resolution of the motion respondent not "take any action to remove petitioner from the United States or to move petitioner out of the Eastern District of California."  (Doc. No. 14.)  That same day, respondent filed an opposition to the pending motion.  (Doc. No. 15.)  On June 5, 2026, the court issued an order directing petitioner to file a reply brief addressing respondent's arguments.  (Doc. No. 16.)  On June 8, 2026, petitioner filed a reply brief.  (Doc. No. 17.)

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."  *Id.* at 1134–35 (citation omitted).  The party seeking the injunction bears the burden of proving these elements.  *Klein v.*

*City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Thus, plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

**DISCUSSION**

In the motion for temporary restraining order, petitioner argues that her detention violates due process because she has not been afforded a bond hearing since being transferred to ICE custody. (Doc. No. 13 at 2.) In opposition, respondent argues that petitioner is subject to the 90-day mandatory detention period pursuant to 8 U.S.C. § 1231(a)(2) because there is a removal order for her that became final on April 28, 2026.[1] (Doc. No. 15 at 2–4.)

When an order of removal becomes administratively final, the government has 90 days to remove the individual subject to that order from the United States. 8 U.S.C. § 1231(a). An order of removal becomes administratively final under a number of circumstances, including, most pertinent here, "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time." 8 C.F.R. § 1241.1; *see also Cabrel v. LaRose*, No. 3:26-cv-00526-RBM-BJW, 2026 WL 891838, at *3 (S.D. Cal. Apr. 1, 2026) (noting that the 90-day mandatory removal period begins if a petitioner fails to timely appeal an IJ's removal order). During that 90-day removal period, individuals subject to the final order of removal must be detained. 8 U.S.C.

---

[1] Respondent also requests that the court lift its prior order prohibiting respondent from removing petitioner from the United States or transferring her out of the Eastern District of California so that respondent may lawfully execute her removal order. (*Id.* at 5.) Because petitioner has failed to rebut respondent's showing that she is subject to a final order of removal, respondent's request in this regard will be granted.

3

§ 1231(a)(2)(A); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory.") (citing 8 U.S.C. § 1231); *see also Blandon v. Warden of the Mesa Verde Det. Facility*, No. 1:26-cv-01117-DAD-DMC (HC), 2026 WL 1506320, at *1 (E.D. Cal. May 29, 2026) ("An order of removal is final upon expiration of the time allotted for an appeal in the event that the respondent does not file an appeal within that time.  Title 8 U.S.C. § 1231(a)(2) mandates detention during 'the removal period' which is the 90-day period beginning from the date the removal order becomes final.") (internal citation omitted).

Here, respondent has submitted a copy of petitioner's final order of removal.  (Doc. No. 15-3.)  The IJ's decision ordered petitioner removed to Guatemala and denied her applications for asylum, withholding of removal under the Convention Against Torture, and withholding of removal pursuant to § 241(b)(3) of the Immigration and Nationality Act. (*Id.* at 1.)  The removal order was entered on March 27, 2026, petitioner reserved the right to appeal the IJ's order, and any such appeal was due to be filed by April 27, 2026.  (Doc. No. 15-3 at 1, 4.)  As noted above, it is undisputed that petitioner did not appeal the IJ's order within the time allowed to do so.  Accordingly, the IJ's order became administratively final on April 28, 2026, which means that petitioner is still within the 90-day mandatory detention period and is not entitled to a bond hearing at this time.  *Gomez v. ICE Field Off. Dir.*, No. 2:25-cv-02242-TL-TLF, 2026 WL 449536, at *6 (W.D. Wash. Jan. 27, 2026) ("To the extent petitioner did not appeal the IJ's order of removal to the BIA by the December 31, 2025, deadline and his removal order became final on that date, he is within the 90-day mandatory detention window of § 1231(a)(2).  Thus, due process would not require a bond hearing at least until he is outside the 90-day window, in the post-removal period."), *report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, No. 2:25-cv-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026) (citation omitted); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) (noting that "the due process analysis attaches in the post-removal period.").

Petitioner attempts to refute respondent's arguments that § 1231(a)(2) applies here by raising several arguments challenging the validity of both her removal proceedings and the removal order.  (Doc. No. 17.)  However, even if these arguments were supported, , the court

4

could not consider them because is jurisdictionally barred from doing so.  *See Singh v. Gonzales*, 499 F.3d 969, 971 (9th Cir. 2007) ("The REAL ID Act dramatically changed the means for judicial review of an order of removal.  The Act provides that a petition for review in the court of appeals is 'the sole and exclusive means for judicial review of an order of removal.'") (quoting 8 U.S.C. § 1252(a)(5)); *Payan v. Engleman*, No. 24-cv-06297-MEMF-RAO, 2024 WL 5466084, at *2 (C.D. Cal. Dec. 9, 2024) ("To the extent Petitioner seeks to challenge the validity of the final removal order, this Court lacks jurisdiction over any such challenge."), *report and recommendation adopted sub nom. Payan v. Warden*, No. 2:24-cv-06297-MEMF-RAO, 2025 WL 597256 (C.D. Cal. Feb. 25, 2025); *cf. Esquivel Pacheco v. LaRose*, 818 F. Supp. 3d 1168, 1175 (S.D. Cal. 2026) (noting that petitioner's unlawful detention claims were not jurisdictionally barred because they did not "challenge his order of removal or seek review of any decisions leading up to that order" and were "wholly 'independent of and collateral to' the merits of his asylum claim, the removal order issued by the Immigration Judge, and the Attorney General's discretionary decision to pursue a removal action against him.").

Therefore, the court concludes that petitioner has failed to show that she is likely to succeed on the merits of her claim that her detention without a bond hearing violates due process.[2]  Because petitioner has not carried her burden of establishing that she is likely to succeed on the merits of her claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney*, 869 F.3d at 856).

---

[2]  While not raised in the motion, the court observes that petitioner's first amended petition also alleges that the conditions of her detention are punitive because she is receiving inadequate medical care for a pre-existing knee injury while in immigration custody.  (Doc. No. 11 at ¶¶ 30–31.)  To the extent that petitioner intended to raise these allegations as a separate claim challenging the conditions of her confinement, the court would be unable to conclude whether any such claim properly sounds in *habeas* because petitioner has not asserted that any relief short of release would remedy any alleged harm she has suffered.  *Boscan v. Becerra*, No. 1:26-cv-00651-KES-SAB, 2026 WL 310093, at *2 (E.D. Cal. Feb. 5, 2026) ("Petitioner's allegations that continued custody poses a substantial risk of serious harm, without more, do not state a habeas claim when the asserted constitutional violation is the alleged inadequacy of medical care and remedial measures short of release would address any such circumstance.").

**CONCLUSION**

For the reasons explained above,

1.      Petitioner's motion for temporary restraining order (Doc. No. 13) is DENIED without prejudice;

2.      The court's prior order prohibiting respondent from transferring or removing petitioner (Doc. No. 14) is dissolved; and

3.      This matter is re-referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **June 10, 2026**   _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE