UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLINA BARRIENTOS VASQUEZ,
A-245-635-451,

               Petitioner,

    v.

WARDEN,

               Respondent.

No.  1:26-cv-03190-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Carolina Barrientos Vasquez is detained by Immigrations and Customs Enforcement ("ICE") and filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a pro se motion for release.[1] The court appointed counsel, who filed a first amended petition. (ECF No. 11.) Respondent answered the petition. (ECF No. 15.) Petitioner did not file the optional reply. For the reasons set forth below, the undersigned recommends the petition be denied.

**I.**    **Background**

Petitioner is a citizen of Guatemala who entered the United States on or about December 29, 2023, after which she was released into this country at the border. (ECF No. 11, ¶ 11.) On or about January 20, 2026, petitioner was arrested by local law enforcement and was subsequently

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

1

transferred into Immigration and Customs Enforcement ("ICE") custody on January 23, 2026. (Id., ¶¶ 12-13.) She has remained in custody since that date. (Id., ¶ 17.) On March 27, 2026, an immigration judge ("IJ") ordered petitioner removed to Guatemala and denied her applications for asylum and withholding of removal. (ECF No. 15-3.) Petitioner reserved her right to appeal the IJ's order and the deadline for her to do so was April 27, 2026. (Id. at 4.) The parties do not dispute the fact that petitioner did not appeal the IJ's order by that deadline.

In the first amended petition, petitioner seeks release from custody, asserting (1) the Laken Riley Act does not apply; (2) prolonged detention without a hearing violates due process; and (3) the conditions of her detention are punitive and independently unconstitutional. (ECF No. 11.) At the time of filing the first amended petition, petitioner, through counsel, also filed a motion for a temporary restraining order. (ECF No. 13.)

On June 1, 2026, the district court judge assigned to this case, Judge Drozd, denied the motion for temporary restraining order. (ECF No. 18.) Judge Drozd held "the IJ's order became administratively final on April 28, 2026, which means that petitioner is still within the 90-day mandatory detention period and is not entitled to a bond hearing at this time." (ECF No. 18 at 4.) Judge Drozd further explained that this court is jurisdictionally barred from considering petitioner's arguments attempting to refute that 8 U.S.C. § 1231(a)(2) is the applicable detention authority. (Id. at 4-5.)

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    Discussion

Noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and

2

"may be detained beyond the removal period," id., § 1231(a)(6). The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Zadvydas, 533 U.S. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

The 90-day removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii) If the [non-citizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

An order of removal becomes "administratively final" within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i) when "the agency's review proceedings" are complete. See Johnson v. Guzman Chavez, 594 U.S. 523, 535 (2021). That occurred here on April 28, 2026, when petitioner did not appeal the IJ's final removal order by the deadline to do so. See, e.g., Gomez v. ICE Field Off. Dir., No. 2:25-cv-02242-TL-TLF, 2026 WL 449536, at *6 (W.D. Wash. Jan. 27, 2026) ("To the extent petitioner did not appeal the IJ's order of removal to the BIA by the… deadline[,] his removal order became final on that date[.]"). Absent evidence that petitioner's removal order is being judicially reviewed, the court must find the removal order became administratively final on April 28, 2026. See 8 U.S.C. § 1231(a)(1)(B). Petitioner's removal period expires 90 days later, on July 27, 2026. The presumptively reasonable six-month period under Zadvydas expires on October 28, 2026.

Detention during the 90-day removal period pursuant to 8 U.S.C. § 1231(a)(2)(A) passes constitutional scrutiny. Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004). Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1226, because that section applies to noncitizens detained pending a decision on whether they are to be removed from the United States. 8 U.S.C. § 1226; see Padilla-Ramirez v. Bible, 882 F.3d 826, 833 (9th Cir. 2017) (8 U.S.C. § 1226(a) has no

3

application to a noncitizen "subject to an order of removal that is, by all appearances, administratively final"). Petitioner is also not entitled to a bond hearing under any due process analysis, because "the due process analysis attaches in the post-removal period." Khotesouvan, 386 F.3d at 1301.

To the extent petitioner alleges the conditions of her detention are punitive and independently unconstitutional, she has not stated a meritorious claim sounding in habeas because she does not allege or show no remedial measures short of release would address the challenged circumstances. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (whether a petitioner's s civil detention is unconstitutionally punitive is a question that sounds in habeas because it concerns the "legality" of confinement). "The Supreme Court held more than a century ago that civil detention of a removeable noncitizen violates the Constitution if it is punitive." Doe v. Becerra, 732 F. Supp. 3d 1071, 1078 (N.D. Cal. 2024) (citing Wong Wing v. United States, 163 U.S. 228, 237-38 (1896)); see also United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021) (holding in the criminal context that a due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention is excessive in relation to its regulatory purpose).

Petitioner's detention during deportation proceedings is a constitutionally valid aspect of the process. Demore v. Kim, 538 U.S. 510, 523 (2003). Although Petitioner argues her detention is punitive in nature based on her conditions of confinement (ECF No. 11 at 7), she is ordered removed and lawfully detained under 8 U.S.C. § 1231(a). The government has significant interests in detaining petitioner pending removal and those interests only increase as time passes. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022). Moreover, the record lacks evidence allowing comparison of petitioner's overall conditions of confinement compared to individuals in criminal custody. See Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 649 (9th Cir. 2021) (rejecting claim where "[t]he record lacks evidence from which to draw any relevant comparisons between the overall conditions of confinement of ICE detainees as compared to those in criminal custody"). Petitioner has not shown her detention serves no regulatory purpose or that it is excessive in relation to its regulatory purpose. See Torres, 995

4

F.3d at 708. Petitioner fails to show her detention is punitive in violation of due process.

The posture of petitioner's detention has not changed since Judge Drozd's ruling on the motion for temporary restraining order. The petition should be denied because petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.

2.  Petitioner's motion for release (ECF No. 7) be denied.

3.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 2, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vasq3190.mer